UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANLEY M. COLLINS,<br><br>               Plaintiff,<br><br>v.<br><br>SPLITSPOT INC., et al.,<br><br>               Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1442(a)(1), Defendant U.S. Department of Housing and Urban Development ("HUD"), respectfully files this Notice of Removal from the Massachusetts Trial Court (Suffolk County) Eastern Housing Court Department to the United States District Court for the District of Massachusetts.[1]

In support of this Notice of Removal, HUD states as follows:

**I.    BACKGROUND**

1. On February 27, 2023, *pro se* Plaintiff Manley Collins filed this lawsuit seeking $2,000,000.07 (per defendant) against SplitSpot Inc., 226 Washington Nominee Trust, Millennial Specialty Insurance, LLC, four individuals, and HUD in Massachusetts Trial Court (Suffolk County) Eastern Housing Court Department, captioned *Collins v. SplitSpot Inc. et al.*, No. 23H84CV000112. A true and correct copy of the complaint and its attachments is attached hereto as Exhibit A. In addition, a copy of the state court docket is attached hereto as Exhibit B.

---

[1] By filing this Notice of Removal, HUD reserves all rights and waive none, including the right to challenge the complaint on any grounds.

## II. ALLEGATIONS

2. Plaintiff seeks damages based on several alleged interactions with former roommates, as well as for an alleged eviction by SplitSpot Inc. *See* Exhibit A.

3. Plaintiff does not appear to claim that HUD engaged in any specific wrongdoing but instead alleges that HUD "are the federal level and overseers of funding, operation, enforcers, and providers of needs or wants to the Commonwealth of Massachusetts, County of Suffolk, and City of Boston," *id.* ¶ 49, that HUD "failed to regulate such companies as SplitSpot and 226 Washington Nominee Trust, regarding housing, *id.* ¶ 50, and that HUD "did not protect [Plaintiff's] tenancy from such activities conducted by SplitSpot and 226 Washington Nominee trust, *id.* ¶ 51.

## III. GROUNDS FOR REMOVAL

4. 28 U.S.C. § 1442(a)(1)—commonly referred to as the federal officer removal statute—authorizes "[t]he United States or any agency thereof" to remove a civil action "that is commenced in a State court and that is against or directed to" it. This statute also permits "any officer (or any person acting under that officer) of the United States or of any agency thereof" to remove such an action so long as it is "for or relat[es] to any act under color of such office." *Id.*[2]

5. Here, HUD is an "agency" of the United States and may therefore remove the action to federal court. 28 U.S.C. § 451 (defining agency).

6. Although a federal *officer* "must both raise a colorable federal defense and establish that the suit is for," or relates to, "an act under color of office" to qualify for removal, *Jefferson*

---

[2] The Federal Courts Improvement Act of 1996, 110 Stat. 3850, amended 28 U.S.C. § 1442 "to explicitly permit removal by the United States or by a federal agency itself, in addition to removal by an officer of an agency." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2021).

*Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (citations and alterations omitted), a federal *agency* need not make those showings. *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) ("any federal agency sued can always remove under § 1442(a)(1) because the 'sued' clause in that provision applies only to federal officers"). That said, it bears mentioning that HUD has and will raise colorable federal defenses, including sovereign immunity. *See, e.g.*, *Estate of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006).

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

7. This action is removable to this Court under 28 U.S.C. § 1442(a) because the United States District Court for the District of Massachusetts embraces the location where the state court action is pending: Suffolk County, Massachusetts.

8. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

9. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon HUD with respect to this action are attached hereto. *See* Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will provided to the clerk of the Massachusetts Trial Court (Suffolk County) Eastern Housing Court Department, and written notice of the filing of this Notice of Removal will be given to Plaintiff.

11. Pursuant to Local Rule 81.1(a), HUD will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, HUD hereby removes the action now pending in the Massachusetts Trial Court (Suffolk County) Eastern Housing Court Department to this Court and requests that this

Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §§ 1442, 1446.

        Respectfully submitted,

        RACHAEL S. ROLLINS
        United States Attorney

Dated: March 20, 2023    By:    */s/ Erin E. Brizius*
        ERIN E. BRIZIUS
        Assistant United States Attorney
        U.S. Attorney's Office
        1 Courthouse Way, Ste. 9200
        Boston, MA 02210
        (617) 748-3398
        Erin.e.brizius2@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that, on March 20, 2023, this document was served by U.S. mail upon the following:

Manley M. Collins
198 Tremont St.
Suite 335
Boston, MA 02116
(617) 955-0689

SplitSpot Inc.
49 Paulina Street
Apt 1
Somerville, MA 02144

226 Washington Street Nominee Trust
Fred Starikov Trustee
320 Washington Street
Brookline, MA 02445

Millennial Specialty Insurance, LLC
8821 Davis Blvd
Suite 500
Keller, TX 76248

Zane Steven Piersanti
228 Washington Street
Brighton, MA 02135

Dakota Beets
228 Washington Street
Brighton, MA 02135

Tommy Pace
228 Washington Street
Brighton, MA 02135

Gilliam Rose Crossman
228 Washington Street
Brighton, MA 02135

                                              */s/ Erin E. Brizius*
                                              ERIN E. BRIZIUS
                                              Assistant U.S. Attorney

Dated: March 20, 2023