FILED
IN CLERK'S OFFICE

2023 JUN 12 AM 10: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Manley M. Collins,<br>198 Tremont St<br>Suite 335<br>Boston, MA 02116 USA<br>Plaintiff,<br><br>v.<br><br><br>SplitSpot Inc.<br>49 Paulina Street<br>Apartment 1<br>Somerville, MA 02144 USA<br><br>226 Washington Nominee Trust<br>Fred Starikov Trustee<br>320 Washington Street<br>Brookline, MA 02445 USA<br><br>United States Department of Housing<br>And Urban Development<br>451 7th Street SW<br>Washington, DC 20410 USA<br><br>Millennial Specialty Insurance LLC<br>8821 Davis Blvd<br>Suite 500<br>Keller, TX 76248<br><br>Zane Steven Piersanti<br>228 Washington St<br>Brighton, MA 02135 USA<br><br>Dakota Beets<br>228 Washington St<br>Brighton, MA 02135 USA<br><br>Tommy Pace<br>228 Washington St<br>Brighton, MA 02135 USA<br><br>Gilliam Rose Crossman<br>228 Washington St | Docket No: 1:23-cv-10601-AK<br><br>Civil Action |

Brighton, MA 02135 USA,

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S COMPLAINT, AMENDMENT TO COMPLAINT, DENIAL OF DAKOTA BEETS'S MOTION TO DISMISS COMPLAINT

## PLAINTIFF'S AMENDMENT TO COMPLAINT (MORE DEFINITIVE STATEMENT)

Pursuant to Federal Rule of Civil Procedure 36, 7(a)(3), and 43(c), Plaintiff Manley Collins is submitting amendment to original complaint, memorandum of law, and motion for continuance.

### I. INTRODUCTION

Pro se Plaintiff Manley Collins did bring this action based on alleged interactions with the roommates and personal injuries from the roommates, SplitSpot, and Millennial Specialty Insurance. During the allegations, Plaintiff Manley Collins did attempt conflict resolution before this complaint, but SplitSpot in coordination with the Defendants Dakota Beets and Zane Steven Piersanti was told to LIE to the Plaintiff Manley Collins. Dakota Beets's Exhibit 1 or A of Dr. Collins's email could have been avoided. The email was developed through the guidance of Massachusetts State Police and Boston Police Department. However, as Plaintiff Manley Collins mentioned in response to Zane Steven Piersanti's answer, if Mr. Beets or Mr. Piersanti just encountered for the first time how Dr. Collins's felt on February 14, 2023, then it looks very bad on his parents or upbringing, man-made law, and church/spiritual law all state, "Do not ever take items that do not belong to you."

In Mr. Beet's response to the complaint, Plaintiff Manley Collins support and stands firm on his complaint because all personal injuries are the coordination and participation by all defendants. It is not specific to a certain person over another person. Dr. Collins does not know

2

Mr. Beets's housing experience prior to SplitSpot or 228 Washington St, Brighton, Massachusetts.

Mr. Beets did not explicitly say what he purchased or had for reciprocation. Mr. Piersanti also claimed the same items for reciprocation. Dr. Collins never used or left most everything alone except a close-to-empty Dawn dish soap and microwave.

Dr. Collins spent plenty of time in his room with the door closed and heard plenty of conversations between Mr. Piersanti and Mr. Beets.

Mr. Piersanti, Mr. Beets, and Mr. Pace never got consent to consume or utilize any of Dr. Collins's food, drinks, and/or access his room because they did not explicitly ask and I did not volunteer. From day one of residence at 228 Washington St, Room C, Brighton, Massachusetts USA, Dr. Collins asked about everything in the home, all his movements in the house, and anything regarding their items, such as postal mail, laundry, and room access.

Dr. Collins responded to Mr. Piersanti and Mr. Beets blatant disrespect to Dr. Collins on February 14, 2023. However, I am advising all Defendants go ahead repeat the same scenario with a person with established mental health issues like Dr. Collins's schizophrenia, post-traumatic stress disorder, bipolar disorder, obsessive compulsive disorder, anxiety, and depression. Dr. Collins displayed the nice version of his personality, and how Massachusetts always breaks up a fight before the actual fight.

Most of all the household products were empty bottles, nothing was in them, and just on display. Dr. Collins did use Comet and Ajax for the public spaces of use by all roommates because the Plaintiff did not smell 'clean' other than the time the Plaintiff cleaned the public areas. During the time period, January 2023 to March 2023, when did they clean other than their own piled up dishes and fill up the trash can? Defendant SplitSpot made it clear that it is tenants'

3

responsibility to maintain and clean the property, but no modifications can be done without SplitSpot's and 226 Washington Nominee Trust's permission.

Dr. Collins is considered hostile and threatening because Mr. Beets and Mr. Piersanti see him as an African-American/Black/Colored male. This classification comes every time Dr. Collins's expresses his feeling toward humans not listening, not asking, not using manners, and not respecting him or his belongings. Dr. Collins is very aware Dr. Collins always purchases the best and top-of-the-line products for the businesses he supports from everything Dr. Collins wears to food and drink consumption.

Dr. Collins does not dissuade or prevent anyone from calling the police, but wanted Mr. Piersanti and Mr. Beets that Dr. Collins is very dangerous because he TELLS in a big way and get plenty of people in trouble if a situation goes one sided based on racism and discrimination. Again, Dr. Collins does not know Mr. Beets upbringing or prior housing situations, but Mr. Beets can continue coordinating with people in his ethnicity and race against another ethnicity and race, and repeat the same situation.

Dr. Collins praises the Boston Police Department for not making the report and Dr. Collins had similar experiences in learning the law or law enforcement on certain issues as well. Again, Mr. Beets and Mr. Piersanti told or said something that never came true. The email (Exhibit A) never came true, but SplitSpot and 226 Washington Nominee Trust made Dr. Collins evict or leave the property without asking or seeking his input into the situation. Dr. Collins is always the victim stereotype in the role his plays in this world.

If the house had open communication, then why were their more conversations room to room and in the kitchen between Mr. Piersanti, Mr. Pace and Mr. Beets. No one knocked on Dr.

Collins's door. No one emailed out of concern to Dr. Collins. No one texted Dr. Collins only if he presents the question or issue.

It took email service from Dr. Collins to all individual human defendants to get them to respond to this roommate fight and business fraud. Mr. Beets trying to claim innocence, but his conflict resolution skills need to be developed because this is not his parents' or upbringing housing situations. Dr. Collins does not tolerate taking without permission or consent and blatant disrespect.

## II. FACTUAL ALLEGATIONS

### a. Legal Framework

i. The Defendant violates Rule 9(a)(2) and Rule 16.

FACT: Dakota Beets's motion cannot be heard without discussion between the parties before presentment to the court.

ii. The Defendant Dakota Beets violates Rule 37: Failure to Make Disclosures or to Cooperate in Discovery

FACT: Defendant Dakota Beets does not provide supporting evidence to provide the Exhibit A of his answer to be true, nor supports Dr. Collins being an aggressor even if Dr. Collins was standing less than one feet near him. Dr. Collins proves this theory as Mr. Beets was discovering Dr. Collins's daily routine, errands, and tasks to track Dr. Collins's movement to various businesses.

### b. The Court Should Continue Plaintiff's Complaint for Proper Service of Process

Dr. Collins has true and physical copies of all proper service of complaint on 228

5

Washington St, Brighton, Massachusetts was being returned. Dr. Collins also requested before Mr. Beets and Mr. Piersanti physically moved from the property to advise me of their updated address. With Mr. Beets providing a United States Postal Service mailbox in his motions, proper service of process cannot be served. Dr. Collins provided an electronic notice to the last known email address of Mr. Beets. Thus, the Court can continue the Complaint because Defendant Dakota Beets responded appropriately.

### c. The Court Should Continue Plaintiff's Complaint for Properly Stating Claim

Mr. Beets and Mr. Piersanti told Defendant SplitSpot and 226 Washington Nominee Trust on a false email provided by Plaintiff for their actions at 228 Washington St, Brighton, Massachusetts, such as not asking the Plaintiff, not gaining permission from the Plaintiff, no consent from the Plaintiff, no apologies to the Plaintiff, no manners, and blatant disrespect to the Plaintiff. Plaintiff factually can provide that he was evicted from 228 Washington St, Room C, Brighton, Massachusetts based on Mr. Beets's direct action with the email (DB Exhibit A)

### d. Definitive Statement Provided

Mr. Beets and Mr. Piersanti ignored the worldly context, rule, and law, "Do not take things that do not belong to you." Dr. Collins got upset for Mr. Beets, Mr. Piersanti, and Mr. Pace for not listening, not asking, not getting explicit permission, no explicit consent, and total and blatant disrespect to Dr. Collins. Dr. Collins created carefully crafted email to Mr. Beets and Mr. Piersanti endorsed, supported, and guided by Massachusetts State Police and Boston Police Department, and Dr. Collins's previous household experiences. Mr. Beets and Mr. Piersanti told Defendant SplitSpot and 226 Washington Street Nominee Trust for immediate decision and action. Without conflict resolution and Dr. Collins's side of the story, Dr. Collins is evicted from his new residence without any questions asked.

### III. CONCLUSION

WHEREFORE, Plaintiff Manley M. Collins, respectfully requests the Court:

1. Continue the complaint until Plaintiff receives all the amount taken by the Defendant plus the amount of relief requested.

2. Grant the Plaintiff everything deems equitable and proper.

3. Plaintiff supports the demand a trial by jury on all issues.

4. The Court should deny Dakota Beets's Motion to Dismiss Complaint and Motion to Dismiss on Protective Order.

Dated: June 12, 2023

Respectfully submitted,

_____
Manley M. Collins
198 Tremont St
Suite 335
Boston, MA 02116 USA
(617) 955-0689 (phone)
manleycollins@gmail.com
*Plaintiff Pro Se*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June 2023, a true and correct copy of
1. Response to Dakota Beets Motion to Dismiss (Definitive Statement)
2. Amendment to Plaintiff's Complaint
3. Response to Dakota Beets Motion to Dismiss (Protective Order)

was served by email and first-class priority mail, postage paid to the following:

| | | |
|---|---|---|
| Samuel J. Miller (BBO #677066)<br>Goldman & Pease LLC<br>160 Gould Street, Suite 320<br>Needham, MA 02494 USA<br>(781) 292-1080<br>smiller@goldmanpease.com<br><br>representing the following defendant:<br>*SplitSpot, Inc.* | and | 226 Washington Nominee Trust<br>Fred Starikov Trustee<br>320 Washington Street<br>Brookline, MA 02445 USA |
| Craig S. Shames (BBO #678048)<br>Mass Real Estate Law<br>183 Columbia Road<br>Hanover, MA 02339 USA<br>(508) 988-0702<br>craig@massrealestatelaw.com | and | Erin E. Brizius<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210 USA<br>Erin.e.brizius2@usdoj.gov |
| Millennial Specialty Insurance LLC<br>8821 Davis Blvd<br>Suite 500<br>Keller, TX 76248 USA<br>(844) 788-0873<br>contactus@msimga.com | and | Zane Steven Piersanti<br>228 Washington St<br>Brighton, MA 02135 USA<br>(860) 916-7989<br>piersanz@bc.edu |
| Dakota Beets<br>228 Washington St<br>Brighton, MA 02315 USA<br>(843) 505-1790<br>Dakota.beets@gmail.com | and | Tommy Pace<br>228 Washington St<br>Brighton, MA 02135 USA<br>(857) 389-2689<br>tommy.pace@bostoncityproperties.com<br>Bvermont456@gmail.com |
| Gilliam Rose Crossman<br>228 Washington St<br>Brighton, MA 02315 USA<br>(978) 290-8078<br>Gcrossman17@gmail.com | and | Dakota Beets<br>Post Office Box 35011<br>Brighton, MA 02135 USA<br>(843) 505-1790<br>Dakota.beets@gmail.com |

Dated: June 12, 2023                    Respectfully submitted,

                                        _____
                                        Manley M. Collins
                                        198 Tremont St
                                        Suite 335
                                        Boston, MA 02116 USA
                                        (617) 955-0689 (phone)
                                        manleycollins@gmail.com
                                        *Plaintiff Pro Se*